**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
GAINESVILLE DIVISION**

MICHAEL DAVID NASH,

    Plaintiff,

v.

BOSCO, INC. d/b/a BOSWELL
ELECTRICAL & COMMUNICATIONS
SUPPLY and SCOTT BOSWELL,

    Defendants.

CIVIL ACTION NO. 2:22-CV-07-RWS

JURY TRIAL DEMANDED

## COMPLAINT

1.    COMES NOW Plaintiff Michael David Nash ("Plaintiff"), through his undersigned counsel, and files this Complaint against BOSCO, INC. d/b/a Boswell Electrical & Communications Supply ("BOSCO") and Scott Boswell ("Boswell") (collectively "Defendants"), and shows the Court as follows:

## NATURE OF COMPLAINT

2.    Plaintiff asserts an unpaid overtime claim under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq., as amended ("FLSA").

## JURISDICTION AND VENUE

3.    Pursuant to 28 U.S.C. § 1331, this Court has subject matter jurisdiction over this action.

4.      Pursuant to 28 U.S.C. §§ 1391(b)(1) and (d), venue is proper in this District Court and Division because BOSCO has a store located in Gainesville, Georgia, and Boswell is a resident of Georgia.

## PARTIES

5.      Plaintiff is a citizen of the United States of America.

6.      Plaintiff is a resident of the state of Georgia.

7.      BOSCO is a Georgia corporation and may be served with process by delivering a copy of the Summons and Complaint to its registered agent, Stephanie McKinney, at 1020 Barber Creek Drive, Suite 212, Watkinsville, Georgia 30677.

8.      Boswell is the Chief Executive Officer and Chief Financial Officer of BOSCO.

9.      Boswell controlled the day-to-day operations at BOSCO and made decisions affecting the terms and conditions of Plaintiff's employment, including Plaintiff's work hours, pay, and exempt status (which is the subject of this action).

10.     Boswell is a resident of Georgia and may be served with process by delivering a copy of the Summons and Complaint to him at 1031 Paul Ridge, Watkinsville, GA 30677.

11.     Defendants are subject to the FLSA.

12.     At all times relevant to this lawsuit, BOSCO was an enterprise engaged in commerce or in the production of goods for commerce.

13.     At all times relevant to this lawsuit, BOSCO had at least two (2) employees engaged in interstate commerce or in handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.

14.     BOSCO buys and sells electrical supplies (e.g., sensors, safety controls, motors, lights, tools, etc.) throughout the United States of America.

15.     At all times relevant to this lawsuit, BOSCO had at least $500,000.00 in annual gross volume of sales made or business done.

16.     Defendants were Plaintiff's "employer" as that term is defined by 29 U.S.C. § 203(d).

17.     Defendants categorized Plaintiff as a W-2 employee.

18.     Defendants controlled the terms and conditions of Plaintiff's employment, including his job duties, work hours, pay, etc.

## STATEMENT OF FACTS

19.     Around May 1, 2019, BOSCO hired Plaintiff as an Inside Salesperson.

20.     In that role, Plaintiff worked at BOSCO's store and sold products to customers.

21.     Plaintiff took customer orders over the phone or by email, called or emailed current customers to drum up repeat business, performed inventory-related tasks (such as restocking inventory, filling orders, and shipping orders), and assisted customers at the counter.

22.    Plaintiff also assembled products and performed other manual tasks as needed.

23.    Plaintiff did not have any direct reports.

24.    Plaintiff did not have the authority to discipline employees.

25.    Plaintiff did not have the authority to hire or fire employees.

26.    From October of 2019 to August 30, 2021 (the "Relevant Time Period"), Plaintiff consistently worked more than 40 hours in a week.

27.    Plaintiff was responsible for opening and closing the store.

28.    The store typically opened at 7:00 a.m. and closed at 5:00 p.m., Monday through Friday.

29.    On some occasions, the store also opened on the weekends.

30.    Between October of 2019 and June of 2021, Plaintiff worked an extra one to two hours after the store closed at least three days per week. During that one- to two-hour period, Plaintiff continued to process orders, schedule and track deliveries, and respond to emails and texts from customers, colleagues, and Boswell.

31.    Plaintiff was supposed to take a one-hour lunch break each day without interruption, but he was often unable to do this due to staff shortages.

32.    Plaintiff estimates that he worked during his lunch breaks at least three days per week.

33.    From May of 2019 to March of 2020, Plaintiff was paid an annual salary in the amount of $43,000.00.

34.    From around April of 2020 to March of 2021, Plaintiff was paid an annual salary of $35,000.00 plus a commission equal to four percent of the profits from his sales orders.

35.    From around March of 2021 to August 30, 2021, Plaintiff was paid an annual salary in the amount of $65,000.00.

36.    Plaintiff complained to Boswell and Manager Paul Whitmire about working overtime without additional pay.

37.    Whitmire told Plaintiff that BOSCO couldn't afford to pay overtime.

## COUNT ONE
## Fair Labor Standards Act
## Failure to Pay Overtime

38.    Plaintiff reasserts and incorporates by reference Paragraphs 5 through 37 of this Complaint as if fully set forth herein.

39.    Defendants violated the FLSA.

40.    During the Relevant Time Period, Plaintiff performed non-exempt work.

41.    During the Relevant Time Period, Plaintiff worked more than 40 hours in a week.

42.    During the Relevant Time Period, Defendants failed to pay Plaintiff overtime for every hour worked over 40 in week.

**Willfulness**

43.     Defendants willfully disregarded their obligations under the FLSA and, therefore, the statute of limitations period should be extended from two years to three years.

44.     Defendants knew or should have known that Plaintiff was a non-exempt employee and was entitled to be paid overtime.

45.     Plaintiff performed inside sales work, customer service, and manual labor as needed.

46.     Defendants knew that Plaintiff worked more than 40 hours per week because (1) Plaintiff was responsible for opening and closing the store, which was open for 10 hours a day, five days a week (sometimes more); (2) Boswell frequently emailed, texted, and called Plaintiff before the store opened, after the store closed, and on the weekends; and (3) Plaintiff complained to management about working overtime without additional pay.

47.     During the Relevant Time Period, Defendants failed to keep any record of Plaintiff's actual work hours in violation of the FLSA's recordkeeping requirements.

**Damages**

48.     As a result of Defendants' unlawful conduct, Plaintiff is entitled to recover his actual unpaid overtime wages, an equivalent amount as liquidated damages, and his attorneys' fees and costs.[1]

49.     Plaintiff estimates that he worked approximately 53 hours per week during the period between October of 2019 and June of 2021 ("Period 1").

50.     Plaintiff estimates that he worked approximately 48.5 hours per week during the period between July of 2021 and August 30, 2021 ("Period 2").

51.     For Period 1, Plaintiff estimates that he is owed approximately $11,373.31 in actual unpaid overtime wages.[2]

52.     For Period 2, Plaintiff estimates that he is owed approximately $801.72 in actual unpaid overtime wages.[3]

53.     Accordingly, Plaintiff is entitled to recover unpaid overtime wages in the approximate amount of $12,175.03, liquidated damages in the approximate amount of $12,175.03, and his attorneys' fees and costs.

## DEMAND FOR JURY TRIAL

---

[1] Plaintiff's initial estimate of damages is based on the limited information available at this time. Plaintiff reserves the right to re-calculate his damages after discovery.
[2] Oct. 2019 to March 2020 - $2,636.40 ($7.80 [Half-Time OT Rate] x 13 [OT Hours] x 26 [Weeks]); April 2020 to March 2021 - $6,131.32 ($9.07 [Half-Time OT Rate] x 13 [OT Hours] x 52 [Weeks]); March 2021 to June 2021 - $2,605.59 ($11.79 [Half-Time OT Rate] x 13 [OT Hours] x 17 [Weeks]).
[3] July 2021 to August 2021 - $801.72 ($11.79 [OT Rate] x 8.5 [OT Hours] x 8 [Weeks]).

54.    Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays for relief as follows:

A. For a trial by jury on all issues so triable;

B. For a declaratory judgment that Defendants violated Plaintiff's rights under the FLSA;

C. For a judgment in Plaintiff's favor for unpaid overtime wages, an equivalent amount as liquidated damages, prejudgment interest on unpaid wages, reasonable attorneys' fees and costs in accordance with the FLSA, and all other legal and equitable relief as may be appropriate to effectuate the purposes of the FLSA; and

D. For such other and further relief as this Court deems proper and just.

Respectfully submitted this 12th day of January 2022.

SMITH LAW, LLC

*/s/ Louise N. Smith*
Louise N. Smith
Georgia Bar No. 131876
louise@smithlaw-llc.com
William J. Smith
Georgia Bar No. 710280
william@smithlaw-llc.com
*Attorneys for Plaintiff*

3611 Braselton Highway
Suite 202
Dacula, GA 30019
T: (678) 889-5191 (main)

T: (678) 889-2898 (Louise)
T: (678) 889-2264 (William)
F: (844) 828-5615

## FONT AND POINT CERTIFICATION

The undersigned counsel for Plaintiff hereby certifies that the within and foregoing pleading was prepared using Times New Roman, 14-point font in accordance with LR 5.1(B), NDGa.

This the 12th day of January 2022.

/s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

I hereby certify that I have caused or will cause service to issue upon Defendants to this Action pursuant to Fed. R. Civ. P. 4.

This the 12th day of January 2022.

/s/ Louise N. Smith
Louise N. Smith
Georgia Bar No. 131876
*Attorney for Plaintiff*